Entered on Docket
January 26, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: January 25, 2010

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BROBECK, PHLEGER & HARRISON LLP,<br><br>                         Debtor.<br>_____<br>RONALD F. GREENSPAN, Chapter 7 Trustee for Brobeck, Phleger & Harrison LLP,<br><br>                        Plaintiff,<br><br>v.<br><br>DORSEY & WHITNEY LLP, PATRICK ARRINGTON, JOHN S. BAKER, ELLEN S. BANCROFT, DAVID L. HAYES, SCOTT R. SANTAGATA and GABRIELLE M. WIRTH,<br><br>                        Defendants.<br>_____ | Bankruptcy Case<br>No. 03-32715DM<br><br><br>Chapter 7<br><br>Adversary Proceeding<br>No. 08-3027DM |

MEMORANDUM DECISION RE DEFENDANTS' MOTION FOR RECONSIDERATION

I. BACKGROUND

In its July 2, 2009 Memorandum Decision (the "Decision"), the court granted partial summary judgment in favor of the Trustee as to liability on his Seventh and Ninth Claims for constructive fraudulent transfer against Former Partner defendants Arrington, Baker, Bancroft, Hayes, Santagata, and Dorsey & Whitney LLP ("Dorsey")(collectively with the Former Partners, the "Dorsey

-1-

Defendants").[1]  In the Decision, the court found that the Trustee had established a prima facie case that the Dorsey Defendants took Unfinished Business of Brobeck for which they did not provide reasonably equivalent value in exchange.  An order was entered to this effect on July 28, 2009.

On August 26, 2009, the Dorsey Defendants filed a motion to reconsider under Fed. R. Civ. P. 54(b), incorporated by Fed. R. Bankr. P. 7054(b)(the "Motion"), contending, <u>inter alia</u>, that the court erred in granting the Trustee's motion because he had failed to prove that any of the Dorsey Defendants actually took Unfinished Business[2] of Brobeck.  Although the Trustee had provided exhibits indicating that the Former Partners had continued to represent several of Brobeck's former clients and for which Dorsey received fees from Brobeck's Unfinished Business, the Dorsey Defendants contended that the exhibits did not necessarily show Unfinished Business profits but rather only reflected that Former Partners opened files at Dorsey for clients they had represented at Brobeck.  The Trustee opposed the Motion.

At the December 11, 2009 hearing on the Motion, the court

---

[1] The Trustee was not entitled to partial summary judgment as to liability against Former Partner defendant Wirth because whether she gave something of reasonably equivalent in exchange for Brobeck's Unfinished Business was in dispute.

[2] In the Motion, the Dorsey Defendants expressed confusion as to the definition of "Unfinished Business" used by the court in the Decision.  To state it again, as was made clear at the hearing on December 11, 2009, Unfinished Business includes discreet matters, whether hourly rate or contingency fee matters, handled by a Former Partner while at Brobeck and completed by (or on behalf of) that Former Partner at Dorsey for which Dorsey received fees.  It does not include "new" discreet matters of former Brobeck clients that were initiated by a Former Brobeck Partner at Dorsey.

-2-

directed the Trustee to file a supplemental brief pointing to parts of the record proving that each of the Dorsey Defendants did in fact take Unfinished Business of Brobeck. He filed the supplement on December 21, 2009. The Dorsey Defendants filed their response on January 8, 2010, and the matter was deemed submitted.

Upon consideration of the supplemental brief and response, the court DENIES the Motion with respect to Former Partner defendants Arrington,[3] Bancroft, and Santagata, and defendant Dorsey. However, it GRANTS the Motion with respect to Former Partner defendants Baker and Hayes.

## II. DISCUSSION

Although the Trustee notes that the Dorsey Defendants admitted in Request for Admission no. 9 that one or more Unfinished Business matters of Brobeck were taken to Dorsey, this is not sufficient evidence with respect to each of the Former Partners' individual liability as he contends; it merely shows that at least one of them brought Unfinished Business for which that Former Partner and Dorsey may be liable if damages are proven at trial.

In his supplemental brief, the Trustee did not mention Former Partner defendants Baker and Hayes or point to anything in the record proving that either of them actually took any Unfinished Business. In the court's review of deposition testimony submitted

---

[3] In the Dorsey Defendants' response, Former Partner Arrington conceded that he took at least one Unfinished Business matter for which Dorsey, the immediate transferee, received fees. Therefore, this is sufficient to deny reconsideration as to defendants Arrington and Dorsey.

-3-

by the Trustee in his initial motion for partial summary judgment, Baker's testimony is inconclusive as to whether he took any Unfinished Business. The same is true for Hayes. This disputed material fact prevents partial summary judgment regarding their liability, and therefore the Motion is GRANTED as to Former Partner defendants Baker and Hayes, and the July 27, 2009 order granting partial summary judgment in favor of the Trustee and against Former Partner defendants Baker and Hayes is VACATED.

As for Former Partner defendant Santagata, the Trustee points to Santagata's deposition testimony where he discussed performing a closing on an IPO for a Brobeck client after Brobeck dissolved, but for which Brobeck received over $200,000 in fees. However, after joining Dorsey, Santagata performed what he referred to as a "second closing" on the IPO matter for the same client, for which Dorsey received fees. The Dorsey Defendants contend that the second closing was a "new" matter and thus is not Unfinished Business. The court believes the second closing constitutes Unfinished Business. Consequently, as to Former Partner defendant Santagata, the Motion is DENIED.[4]

The case of Former Partner defendant Bancroft is more difficult. According to her deposition testimony, Bancroft joined Dorsey on February 17, 2003. The Trustee points to Bancroft's testimony where she stated that she provided ongoing advice to clients on certain subject matters. Such testimony is insufficient as proof that she took Unfinished Business of Brobeck to Dorsey.

---

[4] Santagata will be permitted to present evidence at trial to prove that the second closing was a "new" matter.

-4-

However, in his initial motion and his supplement, the Trustee also points to a February 2, 2003 email in which Bancroft states that she "ha[s] ongoing deals and clients are freaking out." When questioned about the email, Bancroft could not recall any specifics. The Dorsey Defendants contend that just because deals were "ongoing" on February 2, does not mean that these deals were still ongoing by the time Bancroft joined Dorsey on February 17, and completed at Dorsey.

Although the court's ability to make inferences at the summary judgment stage is limited, it seems highly unlikely that every one of Bancroft's "ongoing deals" for "clients" as of February 2, 2003, were completed by the time she joined Dorsey only fifteen days later. Further, Bancroft admitted at deposition that there may have been some "small items" of Unfinished Business that she took to Dorsey. Consequently, as to Former Partner defendant Bancroft, the Motion is DENIED.[5]

### III. CONCLUSION

The Motion is DENIED as to Former Partner defendants Arrington, Bancroft, and Santagata, and defendant Dorsey, and is GRANTED as to Former Partner defendants Baker and Hayes. The court is concurrently entering an Order consistent with this

---

[5] Along with the Motion, Former Partner defendants Bancroft and Santagata offered declarations elaborating about what Brobeck matters they worked on and what they gave in exchange for the Jewel Waiver. The Trustee opposed these declarations, contending they were impermissible second bites regarding facts that were well known to the defendants when they litigated the cross summary judgment motions, and further contended that they failed to otherwise support reconsideration under Rule 54(b). The court agrees that the Bancroft and Santagata declarations do not provide a basis for reconsideration, and it therefore disregards them. However, even if considered, they would not cause the court to change its ruling on the Motion.

-5-

1  Memorandum Decision.
2                    **END OF MEMORANDUM DECISION**

Case: 08-03027    Doc# 71    Filed: 01/25/10    Entered: 01/26/10 10:24:18    Page 6 of 6